UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JACOLBY D. BEASLEY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 4:25-CV-01818 SPM |
| ST. LOUIS ROOFING CO., INC., | ) ) ) |
| Defendant. | ) |

## OPINION, MEMORANDUM AND ORDER

This employment discrimination case is before the Court upon review of self-represented Plaintiff JaColby Beasley's response to the Court's Order to Show Cause dated December 16, 2025. [ECF No. 5].

Plaintiff alleges his former employer, St. Louis Roofing Company, Inc., discriminated against him between May 17, 2024 and October 21, 2024. [ECF No. 1]. Plaintiff filed a Charge of Discrimination with the EEOC alleging discrimination and retaliation on September 7, 2025, or 321 days after his employment ended. *See id*. Because Plaintiff was required to file his Charge of Discrimination with the EEOC within 300 days of the allegedly discriminatory occurrence,[1] the Court, on December 16, 2025, ordered Plaintiff to show cause why this action should not be dismissed as time-barred. [ECF No. 4].

In response, Plaintiff states that he was busy taking classes and had to reschedule his EEOC meeting several times between April and August 2025, so he was unable to timely file his Charge of Discrimination. Plaintiff states that he was told by a person at the EEOC office that he had until

---

[1] *See* 42 U.S.C. § 2000e-5(e)(1) (providing for such a period where claims are filed with "a State or local agency with authority grant or seek relief from such practice").

August to file his Charge with the EEOC. Indeed, by this Court's calculations, Plaintiff's 300-day time period ended on August 17, 2024.

Plaintiff states that he was told there was an appointment open on July 8, 2025, but Plaintiff does not indicate if he met with anyone at the EEOC on that date. Rather, Plaintiff states:

> it took waiting for me 6 months to do my interview, then a month to try and find legal support which I could not obtain, presenting my case to Chadd he said give him a couple weeks to type up everything
>
> September 16, 2025 EEOC issued a Final Decision and Notice of Right to Sue Letter. But before I received my Right to Sue Letter I emailed Chadd Aug 14 regarding it and seeing how long it will take.

As noted in the Court's Order to Show Cause issued on December 16, 2025, the Charge of Discrimination was signed by Plaintiff on September 7, 2025. Plaintiff's employment ended on October 21, 2024. [ECF No. 1 at 3]. The EEOC Right to Sue Letter was issued on September 16, 2025.

Although Plaintiff filed his lawsuit within the 90-day time period required by statute, he failed to file his Charge with the EEOC within the 300-day time period required under 42 U.S.C. § 2000e-5(e)(1). His Charge was filed 21 days after the required 300-day time period.

Plaintiff appears to seek application of equitable tolling in this case, arguing "the EEOC process takes a minute" and "trying to find legal assistance didn't work out." Equitable tolling is appropriate when the plaintiff exercises diligence but is unable to obtain information bearing on his claim, or some extraordinary circumstance stood in his way. *Henderson v. Ford Motor Co.*, 403 F.3d 1026, 1033 (8th Cir. 2005); *Kampschroer v. Anoka Cnty.*, 935 F.3d 645, 649 (8th Cir. 2019). Equitable tolling is appropriate only when the circumstances that cause a plaintiff to miss a filing deadline are out of his hands or beyond the plaintiff's control. *Williams v. Thomson Corp.*, 383 F.3d 789, 791 (8th Cir. 2004) (affirming summary judgment where plaintiff failed to

inform EEOC of her change of address); *see also Rodriguez v. Wal-Mart Stores, Inc.,* 891 F.3d 1127, 1129 (8th Cir. 2018).

In this case, Plaintiff has not shown any reason to toll the statute of limitations because he does not explain how some extraordinary circumstance stood in the way of the timely filing of his Charge of Discrimination. Plaintiff admits that rather than prioritizing the filing of his Charge, he took classes to pursue his career and then later attempted to find legal support. Neither of these instances, however, allow for the application of equitable tolling. Thus, the Court declines to extend the filing deadline and will dismiss this case without prejudice as time-barred.

An Order of Dismissal will accompany this Opinion, Memorandum and Order.

Dated this 29th day of January, 2026.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE

3